UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

James Fisher ,

        Plaintiff,

vs.                                                                Case No. 3:10-cv-504-J-34MCR

In the Interest of Joshua McCollum ,

        Defendant.
_____/

**REPORT AND RECOMMENDATION**[1]

This case is before the Court Plaintiff's Motion for Leave to Proceed In Forma Pauperis (Doc. 2) as well as Plaintiff's Amended Complaint (Doc. 9) filed June 11, 2010 and July 29, 2010, respectively.  Plaintiff filed a pro se amended complaint stating that Joshua McCollum has been diagnosed with schizophrenia and will not take his medication.  Plaintiff requests this Court "issue an order giving full and complete custody of Joshua McCullum to [Plaintiff]".

Before a plaintiff is permitted to proceed in forma pauperis, the Court is obligated to review the complaint to determine whether it is frivolous, malicious, "fails to state a claim upon which relief may be granted[,]" or . . . "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2).  If the complaint is deficient, the Court is required to dismiss the suit sua sponte.  See id.  Section 1915

---

[1] Any party may file and serve specific, written objections hereto within FOURTEEN (14) DAYS after service of this Report and Recommendation.  Failure to do so shall bar the party from a de novo determination by a district judge of an issue covered herein and from attacking factual findings on appeal. See 28 U.S.C. §636(b)(1); Fed.R.Civ.P. 72(a), 6(a) and (e); Local Rules 6.02(a) and 4.20, United States District Court for the Middle District of Florida.

grants broad discretion to the district courts in the management of in forma pauperis cases, and in the denial of motions to proceed in forma pauperis when the complaint is frivolous.  Clark v. State of Ga. Pardons and Paroles Bd., 915 F.2d 636, 639 (11th Cir. 1990); Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984).  A lawsuit is frivolous if the plaintiff's realistic chances of ultimate success are slight.  Clark, 915 F.2d at 639.  The trial court must determine whether there is a factual and legal basis, of constitutional or statutory dimension, for the asserted wrong.  Id.  A district court should order a § 1915 dismissal only when a claim lacks an arguable basis in law.  Neitzke v. Williams, 490 U.S. 319, 325, 109 S.Ct. 1827 (1989).  Claims may lack an arguable basis in law because of either factual or legal inadequacies.  Id.

      A review of this Court's docket indicates Plaintiff has brought several suits in this Court, all of which have been dismissed.  See Case Nos.:

      3:97-cv-00618-RWN; 3:97-cv-00780-HES; 3:97-cv-00267-WTH;
      3:97-cv-00547-HES; 3:97-cv-01301-HES; 3:97-cv-01016-RWN;
      3:97-cv-00896-HES; 3:97-cv-01430-HES; 3:97-cv-00671-HES-J;
      3:97-cv-00751-RWN; 3:98-cv-00055-RWN; 3:98-cv-00128-HES;
      3:98-cv-00221-WTH;  3:98-cv-00704-JHM; 3:98-cv-01229-HES;
      3:00-cv-00090-HLA; 3:00-cv-00272-RWN; 3:00-cv-01097-HLA;
      3:00-cv-00446-RWN; 3:01-cv-00374-RWN; 3:01-cv-00552-HES;
      3:01-cv-00579-HLA; 3:01-cv-00895-HES; 3:02-cv-00425-HLA;
      3:02-cv-00078-HLA; 3:02-cv-00653-HLA; 3:02-cv-01060-HLA;
      3:02-cv-00671-HES; 3:02-cv-00798-TJC; 3:03-cv-00643-RWN;
      3:03-cv-00206-HLA;  3:03-cv-00979-HLA; 3:04-cv-00387-TJC-TEM;
      3:04-cv-00091-HLA; 3:04-cv-00598-HES-MMH; 3:04-cv-00289-HES;
      3:05-cv-00082-HLA-TEM; 3:05-cv-00340-JHM-MCR;
      3:06-cv-00077-HES-TEM; 3:06-cv-00876-VMC-MCR;
      3:07-cv-00022-HLA-HTS; 3:07-cv-00454-VMC-MCR;
      3:07-cv-00645-JHM-TEM; 3:07-cv-00102-JHM-TEM;
      3:07-cv-00128-TJC-TEM; 3:07-cv-00165-JHM-TEM;
      3:07-cv-00184-JHM-TEM; 3:07-cv-00644-JHM-TEM;
      3:07-cv-01084-VMC-HTS; 3:08-cv-00858-HLA-HTS;
      3:08-cv-00829-HLA-HTS; 3:08-cv-00062-VMC-MCR;

        3:08-cv-00792-HLA-JRK; 3:08-cv-01153-TJC-TEM;
        3:09-cv-00978-TJC-JRK; 3:09-cv-00831-HES-TEM;
        3:09-cv-00396-MMH-HTS; 3:09-cv-00920-HLA-HTS; and
        3:09-cv-01107-TJC-HTS; 3:10-cv-00024-HLA-MCR.

Indeed, many of the aforementioned actions are similar to the instant case. Further, Plaintiff has two additional cases currently pending before this Court. See Case Nos. 3:10-cv-00524-UAMH-TEM, 3:10-cv-00398-TJC-TEM.

Here, the Amended Complaint does not set forth any identifiable claims. It is factually baseless and legally frivolous and as such, it is respectfully

**RECOMMENDED:**

Plaintiff's Motion to proceed In Forma Pauperis (Doc. 2) be **DENIED** and the Amended Complaint be **DISMISSED** without prejudice to Plaintiff filing a paid complaint.

**DONE AND ORDERED** in Chambers in Jacksonville, Florida this  30th  day of July, 2010.

                                      *Monte C. Richardson*
                                      MONTE C. RICHARDSON
                                    UNITED STATES MAGISTRATE JUDGE

Copies to:

Counsel of Record
Any Unrepresented Party